IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE DRISKELL, : | |
| : | |
|     Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **5:04-CV-393 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
|     Defendant. : | |

**ORDER**

The plaintiff herein filed an application for disability insurance benefits in October of 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Following a hearing, the ALJ denied plaintiff's claim in a decision dated March 25, 2003. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of degenerative disc disease of the lumbar spine, left shoulder arthritis, and hiatal hernia with cameron ulceration, but that plaintiff retained the residual functional capacity to perform a wide range of medium work.

*1. Vocational Expert*

Plaintiff asserts the ALJ relied on erroneous testimony from the vocational expert, and as such, the ALJ's decision to find that plaintiff could perform work that exists in significant numbers in the national economy was not based upon substantial evidence.

During the hearing, the ALJ asked the vocational expert whether any jobs existed that were available for person with plaintiff's residual functional capacity, which included a limitation to occasional reaching.  (Tr. 49).  In response, the vocational expert testified that an individual with such an RFC could perform the following jobs: a hand packager, a lab equipment cleaner, and a door keeper.

Plaintiff takes issue with the identification of the job of hand packager, which requires constant reaching, and the lab equipment cleaner job, which requires frequent reaching, according to the Dictionary of Occupational Titles (hereinafter DOT).  Furthermore, plaintiff states that the job of doorkeeper is not in the DOT, and therefore should not have provided a

basis for a finding of not disabled.[1]

Plaintiff points out the if plaintiff were limited to performing even a full range of light work, he would be entitled to a finding of disability under Grid Rule 202.00(c).

The Commissioner asserts that when the testimony of the vocational expert is not consistent with the Dictionary of Occupational Titles, then the testimony of the vocational expert "trumps" the DOT. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999) cert. denied 120 S.Ct 1723 (2000). The court in Jones noted that the DOT was not the sole source of admissible information detailing jobs in the regional community. "The DOT itself states that it is not comprehensive. It provides occupational information on jobs in the national economy, and it instructs 'DOT users demanding specific job requirements [to] supplement the data with local information detailing jobs within their community.'" Id.

The DOT does not distinguish what constitutes "reaching," whether it be overhead or not. The hypothetical posed to the vocational expert limited a person to occasional overhead reaching due to shoulder problems, and limited to occasional stooping and bending due to back problems. (Tr. 48). The vocational expert testified that while a person with such limitations could not perform any of plaintiff's past relevant work, did identify the jobs of lab equipment cleaner, hand packager, and doorkeeper. (Tr. 49). The vocational expert further testified that the testimony was consistent with the DOT. (Tr. 49).

Plaintiff contends that this is not an appropriate case for the application of Jones, supra., as

---

[1]The Commissioner acknowledged that the ALJ did not have the correct DOT number listed in her decision for the doorkeeper job; however, a search by the undersigned produced the appropriate job description, thereby obviating plaintiff's argument regarding this job. This job was identified by the vocational expert as having 1, 100 jobs in the state and 33,000 jobs nationally.

the vocational expert testified that her testimony was consistent with the DOT. Plaintiff asserts that Jones applies only when the vocational expert testified that her opinion differs from the descriptions in the DOT, thus leaving the ALJ to decide which of the two is more reliable. The undersigned finds that plaintiff is correct in this assessment, especially in light of SSR 00-4p, which was decided after the Eleventh Circuit's opinion in Jones. SSR 00-4p requires the ALJ to inquire whether there is any disagreement between the DOT and the testimony given by the vocational expert, which the ALJ did in fact accomplish; however, the vocational expert said there was no discrepancy. SSR 00-4p further requires the ALJ to explain how he resolved any conflict between the testimony given by the vocational expert and the DOT. This was not accomplished, as the vocational expert testified that there was no conflict and consequently the ALJ relied on that testimony without inquiring further.

The undersigned is not persuaded by the Commissioner's argument that there is no conflict between the DOT and the vocational expert. There is a significant difference in whether a job requires occasional reaching, frequent reaching, or constant reaching, especially here where there is no distinguishing between overhead or other reaching in the DOT.

If these two jobs are eliminated from consideration, it could conceivably be found that the remaining job, doorkeeper, does not exist in enough numbers to be significant, and that plaintiff could be found disabled. This was not argued, and therefore, the undersigned does not make that determination. However, this case should be reconsidered by the ALJ in light of the conflict between the testimony of the vocational expert and the DOT.

*2. Credibility*

Plaintiff asserts the ALJ erred in finding that plaintiff's subjective complaints of pain were

not of such severity that it would preclude all work activity. Plaintiff states that the ALJ should have considered his complaints of pain as a non-exertional limitation in assessing his residual functional capacity.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

Here, the ALJ discussed the record, noting that plaintiff needed only mild medications and other conservative treatment (heating pad and exercises) for his pain. (Tr. 12). The ALJ also noted that plaintiff's treating physicians, Dr. Shakoor and Dr. Jackson, did not consider plaintiff to be disabled, and the noted restrictions are consistent with the RFC found by the ALJ. The ALJ also noted that x-rays indicated only mild degenerative disc disease and plaintiff demonstrated a full range of motion in August of 2000. (Tr. 12-13). The ALJ also discussed plaintiff's daily activities, including visiting nursing home residents several times a week, washing dishes, doing laundry, watching television, attending church, driving several times per week, and walking about one mile several times per week. (Tr. 13).

The undersigned finds no error in the determination of plaintiff's credibility.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.

**SO ORDERED**, this 22nd day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd